## TRIMMIER v. VISE.

Where a mortgage covers three parcels of land, one of which is sold by the sheriff under an execution junior to the mortgage and purchased by the mortgagee at an under value, the proportion which the true value of the parcel purchased bears to the whole mortgaged property, and not the bid at the sheriff's sale, is the proper credit on the mortgage debt; and the mortgagee may then foreclose his mortgage on the unsold parcels for the balance remaining unpaid.

Before FRASER, J., Spartanburg, June, 1881.

Action by F. M. Trimmier against M. S. Vise and the National Bank of Spartanburg. The opinion states the case.

Messrs. *J. S. R. Thomson, G. W. Nicholls,* for appellant.

Messrs. *Bobo & Carlisle,* contra.

July 27, 1882. The opinion of the Court was delivered by
MR. CHIEF JUSTICE SIMPSON.—The defendant Vise, in 1878, executed a mortgage of two tracts of land, one containing five acres and the other eighty-five, and also of a valuable lot in the town of Spartanburg to the plaintiff, Trimmier, to secure the payment of a promissory note for $900, payable January 1, 1879, with interest from its date. The town lot was after

wards levied upon and sold by the sheriff under a judgment junior to the mortgage. At this sale the plaintiff, mortgagee, to whom the judgment had been previously assigned, became the purchaser at the price of $556.

This action was then commenced by the plaintiff *to foreclose* his mortgage on the two tracts of land remaining. The complaint contained the usual prayer for foreclosure and for judgment for any deficiency remaining unpaid after the sale of the land. The answer interposed as a defence that the sale of the town lot and its purchase by the plaintiff, mortgagee, satisfied his note and mortgage, thereby releasing the other lands from its lien. The Circuit Judge decreed adversely to the defendant's position.

The material facts of the case are as follows : The note sued on was given for the town lot. This lot was said to be worth $1000 when it was bid off by the plaintiff at the sheriff's sale. The plaintiff had paid only a portion of this bid, and action was pending for the balance. No titles had been executed to the plaintiff. The National Bank of Spartanburg held a judgment against Vise junior to the mortgage, and, as a defendant, claimed that plaintiff's mortgage had been extinguished by his purchase of a portion of the mortgage property, and therefore that the two tracts of land should be left undisturbed and subject to its judgment.

The Circuit Judge, while recognizing the general doctrine that where a mortgagee purchases the entire property embraced in his mortgage, otherwise than at a foreclosure sale, he thereby extinguishes the mortgage debt, (*Allen* v. *Richardson,* 9 *Rich. Eq.* 56 ; *McLure, Brawley & Co.* v. *Wheeler,* 6 *Rich. Eq.* 344 ; *Schnell* v. *Schroder, Bail. Eq.* 338 ;) yet knowing of no case where this rule had been applied, where only a portion of the mortgaged property had been bought by the mortgagee, as in this case, he overruled the defence and ordered the mortgage of plaintiff foreclosed by sale of the two tracts referred to in the complaint: the proceeds to be paid to plaintiff's debt, costs and expenses of suit; then to the National Bank; and the balance, if any, to the defendant Vise. He further ordered "that the plaintiff have no leave to apply for

judgment for any deficiency unless he shall consent that the town lot bid off by him shall be sold by the order of this Court as a part of the mortgage property. If such consent is given, either party may apply at the foot of this decree for such orders as may be necessary and proper."

From this decree the defendant Vise has appealed, assigning error : 1st, Because his Honor erred in not holding that the plaintiff's debt was extinguished by his purchase of the town lot at the sheriff's sale ; 2d, If not extinguished, that the town lot should have been ordered to be first resold for the satisfaction of the mortgage debt, and only the balance, if any, should be enforced against the other real estate ; 3d, That at least the plaintiff should have accounted for the true value of the town lot before selling the other lands.

The main question involved is the first. The authorities in this State are direct to the point that where a mortgagee purchases the entire mortgaged property at any other sale than a regular foreclosure sale, such purchase will extinguish the mortgage debt. The purchase of the equity of redemption unites the equitable title under the mortgage and the right to redeem in the same person ; and where there is no intervening claim, merger is the result, and the mortgagee becomes the owner in fee, with nothing left for the mortgage to operate upon. See the cases referred to above.

In addition to this, the right of the mortgagor to redeem being the only interest that can be sold by a judgment junior to the mortgage, the purchaser at such sale, whether he be the mortgagee or a stranger, is supposed to give the amount of his bid for that interest, over and above the mortgage debt, leaving the land, when purchased by a stranger, still subject to be sold for the mortgage debt, and, when purchased by the mortgagee, to be applied in satisfaction of his debt, which by operation of law is thereby extinguished. As we have already said, this is the admitted doctrine where the entire property has been purchased by the mortgagee.

The difficulty here is, Does it apply in this case, where only a portion of the mortgaged property has been bought by the mortgagee ? As far as we have been able to discover, this is

the first case where this question has been raised directly, either in this State or elsewhere. The abstract justice in such case would seem to demand that a mortgagee purchaser should occupy the same position that a third person would occupy under the same circumstances. He ought not to claim any better position than a stranger, nor is there any sound reason why he should be placed in a worse. He has the same right to bid at sheriff's sale as any other party, and he should occupy the same position that any other purchaser would, buying under similar circumstances.

In the case of _Moss_ v. _Bratton_, 5 _Rich. Eq._ 3, the Court held that Bratton, who bought at sheriff's sale under an execution junior to the mortgage, obtained his title encumbered with the lien; and though he did not become personally liable for the mortgage debt, yet the land in his hands was specifically bound, so far as it _might suffice for the payment of the debt._ The only interest sold was the right of the mortgagor to redeem. No doubt Bratton supposed that the land was worth the amount he bid for this interest and the mortgage debt besides. If it turned out upon a resale for foreclosure that he was mistaken, this was an error of judgment on his part, and his misfortune, to which all men are liable; on the contrary, if his estimate was right, he could lose nothing, as a re-sale would, at least, pay the mortgage debt and refund to him the amount paid out and possibly something more.

An outside purchaser under such circumstances buys at this risk; why should not the mortgagee when he becomes the purchaser be subjected to the same? He certainly should not be allowed to take a portion of the mortgage property at simply the value of the mortgagor's right to redeem, a nominal value perhaps, and detracting that portion from the mortgage, then collect his whole debt out of the remainder of the land, thus applying no part of the land bought by him to the mortgage, yet retaining possession. No principle which works such a result can be sound. It would be unjust and oppressive to the debtor in the extreme, in direct conflict with every principle of natural justice, and, in fact, little short of robbery.

On the other hand, it would be equally as unjust to the mort-

gagee to say that, under all circumstances, where he purchases a portion of the mortgaged property, whether in value sufficient to pay his debt or not, that nevertheless his debt should become extinct. There should be some medium line. Where the mortgagee buys the entire property, there is some reason for the position, that his debt should be regarded as satisfied. When the debt was contracted he took this property as his security, and where he buys the whole of it, at the sale under a junior lien, he may be well supposed, as was said in *Moss* v. *Bratton, supra,* to estimate the mortgagor's right to redeem, which is the only interest that can be sold at such sale, to be worth the amount of his bid over and above the mortgage debt, and therefore, in effect, to contract to take the property at his bid and pay the debt besides ; and there would be no hardship in such case that he should be held to his contract by applying his bid to the judgment debt and the land to the extinguishment of the mortgage. But where he buys only a portion of the mortgaged property, should this presumption arise to the full extent of extinguishing the entire debt, or should only such proportion of the debt be extinguished as the property bought bears to the whole embraced in the mortgage ? This would be the justice and equity of the case ; can it be sustained by authority ?

It is stated in *Jones on Mortgages* that where one who has purchased a part of the premises subject to a mortgage takes an assignment of the mortgage, although it may operate as a merger in respect to the part of the premises bought by him, it would not have this effect in respect to the part not bought. Section 849, referring to *Wilhelmi* v. *Leonard,* 13 *Iowa,* 330 ; *Casey* v. *Buttolph,* 12 *Barb.* 637 ; 12 *Allen* (*Mass.*) 472. Nor is there merger when a mortgagee becomes a devisee of an undivided half of the mortgaged premises. *Id.,* § 849 ; 42 *Barb.* 606.

The assignee of a mortgage covering two separate tracts of land having purchased one of them, can collect only the ratable proportion from the other. *Jones on Mortgages,* § 877; referring to *Cotton* v. *Cotton,* 3 *Philadel. Rep.* 24. And so, if the assignee of a mortgage take a conveyance of the equity of re-

demption of one half of the mortgage premises described as one lot, this operates to extinguish only a part of the mortgage debt, leaving the assignee at liberty to foreclose for the residue. *Klock* v. *Cronkhite*, 1 *Hill* (*N. Y.*) 107; *Jones,* § 871. These principles are founded in natural justice, and in the absence of all counter authorities in this State we are disposed to adopt them.

In our opinion, the purchase of the right of redemption by the mortgagee of the town lot in question here devolved upon him the duty of extinguishing the mortgage debt to the extent of the ratable proportion of the value of said lot, leaving the other lands subject to foreclosure for the remainder of the debt. In other words, each part of the land mortgaged should be made to bear its ratable proportion in the payment of the debt, and to this end an inquiry should be had, either by reference or otherwise, as to the Circuit Judge shall be deemed most advisable, to ascertain the true value of said lot and what proportion thereof, when compared to the value of all the property mortgaged, should be applied as a credit on the mortgage debt; which being done, the other land should be sold for the remainder with costs and expenses, and if any surplus, this to go as ordered in the Circuit decree.

It is the judgment of this Court that the judgment of the Circuit Court be reversed and the case be remanded to be enforced in accordance with the principles herein.

Mr. Justice McIver concurred; Mr. Justice McGowan absent at the hearing.