## DARNALL & SUSONG v. DARLINGTON.

1. It was stipulated in a chattel mortgage that on default the property should be sold after fifteen days' posted notice at A., but after default the mortgagor telegraphed the mortgagee to take the property to S. The property was taken to S. and there sold after two days' advertise-

ment in a newspaper. *Held*, that the mortgagee was entitled to recover the deficiency, which remained after applying to the debt the proceeds of the sale, and that the mortgage was not satisfied, especially in absence of testimony that the sale was not fairly made and for a good price.

2. The written stipulations in the mortgage itself and in the telegram constituted the "consent expressed in writing," provided for in the act of 1882 regulating the sale of property under a chattel mortgage. 18 *Stat.*, 124.

Before WITHERSPOON, J., Beaufort, September, 1886.

This case is sufficiently stated in the opinion of this court.

*Messrs. Elliott & Howe*, for appellant.

*Mr. W. J. Verdier*, contra.

March 20, 1888. The opinion of the court was delivered by

MR. JUSTICE McIVER. On May 19, 1885, the defendant gave his note payable to the plaintiffs on November 15, 1885, and to secure the payment thereof executed a mortgage on three mules. The mortgage contained the usual provision that upon default the mortgagees could take possession of the mortgaged property and sell the same for cash "after giving notice by advertisement, by posting notice fifteen days at Allendale Post-office, and shall apply the proceeds of said sale to the discharge of said debt, interest and expenses, and pay any surplus to the said mortgagor and his assigns." On November 16, 1885, defendant wrote to plaintiffs as follows: "I hate to ask you not to take the mortgaged stock. I can raise ($200) dollars, if you will carry the balance until next fall. If you can't do it, I will turn over the stock without any process. The stock is worth ($450) dollars (to) me, but there is no demand in the country."

On November 21, 1885, plaintiffs took possession of the mort-gaged property when defendant telegraphed plaintiffs as follows: "Take stock to Savannah and sell there." The mules were accordingly taken to Savannah, and, after being advertised for two days in one of the daily papers of that city, were sold at

public auction and the proceeds of sale, after deducting the expenses, were credited on the note, and this action was brought to recover the balance due on the note. The defendant in his answer claimed that the property not having been sold "in accordance with the stipulations of the mortgage, nor in accordance with the statute regulating the sale of personal property under a mortgage, and the property being worth the amount of the mortgage debt, the same was paid and satisfied."

A jury trial was waived and the case was tried by the court. Judge Witherspoon, who heard the case, held that the defendant having waived, in writing, for his own benefit, and to secure a better market, the place of sale, if he did not also intend to waive the notice stipulated for in the mortgage should have so advised the plaintiffs; and that, if the plaintiffs sold the mortgaged property in Savannah in good faith, in open market at its market value, they had done all that could be reasonably required of them, and he therefore rendered judgment in favor of the plaintiffs for the balance due on the note. From this judgment defendant appeals upon the several grounds set out in the record, which need not be repeated here, as the appeal raises, substantially, the single question as to the effect of the failure to give the notice of the sale as stipulated for in the mortgage, to wit, by posting a notice for fifteen days at Allendale Post-office.

The act of 1882 (18 *Stat.*, 124), regulating the advertisement and sale of personal property under a mortgage, expressly provides that the regulations therein prescribed shall be conformed to "unless the person making such * * * mortgage * * * shall consent, or shall have consented, to a sale in some other mode, or at some other notice, such consent to be expressed in writing." Now, in this case the mortgagor in the very outset did consent, in writing, that the sale should be made "at some other notice" than that prescribed by the statute; and when the mortgage debt became payable, he did consent in writing that the mortgaged property should be taken to Savannah and there sold. So that it seems to us the provisions of the statute, as to advertising the sale have no application to this case, and the sole question is as to the effect of the omission to post a notice of the sale at Allendale Post-office. There can be no

doubt that the sale was made at Savannah at the instance and request of the defendant, and for his benefit, because that was supposed to be the better market; and we have as little doubt that when the defendant requested the plaintiffs to take the mules to Savannah and sell them there, he intended to waive and did thereby waive the stipulation in the mortgage that the sale should be advertised by posting the notice at the Post-office in Allendale; for a notice posted there of a sale to be made in the city of Savannah would, practically, have amounted to no notice at all.

So, too, as to the time for advertising the sale, fifteen days. After the mules had been taken to Savannah, by the request of the defendant himself, it seems to us that he would have had much more reason to complain if the plaintiffs, in order to comply *literally* with the stipulation in the mortgage, had kept the mules in Savannah for fifteen days at heavy expense. We think it plain that the course pursued by the plaintiffs in making the sale was at the instance, and for the benefit, of the defendant, and that he has no reason to complain; especially in the absence of any evidence of any want of fairness in the sale, or any evidence that the property brought less than its market value.

While it may be true that where a mortgagee takes possession of the mortgaged property and converts it to his own use, without a sale, or where a sale is made neither in compliance with the terms of the statute nor in accordance with the wishes and consent of the mortgagor, it operates a satisfaction of the mortgage debt; yet where, as in this case, the sale is made by the consent and at the instance of the mortgagor in a different way, no such result follows, for otherwise the mortgagor would be taking advantage of his own wrong.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.