STATE *EX REL.* KENDALL v. COUNTY COMMISSIONERS.

A claim was presented to a board of county commissioners and disallowed, and no appeal was taken. The same claim was then presented to a succeeding board who refused to consider it because already passed

upon.  *Held*, that claimant was not entitled to a writ of *mandamus* to compel this latter board to consider this claim, it having been already passed upon.

Before WITHERSPOON, J., Richland, October, 1887.

The opinion fully states the case.

*Mr. H. C. Patton*, for appellant.

*Mr. A. C. Moore*, contra.

March 20, 1888.   The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON.   The appellant, on August 16, 1886, presented an account for audit to the county commissioners for Richland County, which was examined and disallowed. On September 19, 1887, he again presented the identical account to the board then in office, who refused to act upon it.   In the mean time, and before it was presented the second time, the members of the board in office at the time when first presented had gone out of office, and a new board, as to the members, had been elected; and it was to the board as constituted after the election, as stated above, that the account was presented the second time, when consideration was refused.

Upon this state of facts the petitioner applied for a writ of mandamus to his honor, Judge Witherspoon, below, who refused it. The ground upon which the petitioner claimed the writ, was that the board had refused to consider his account, and he prayed the mandamus to compel, not its allowance, but its consideration, alleging that he had the right to have said account examined and passed upon, by either allowing or disallowing it; and that it was the duty of the board to take action one way or the other. The board made return to the rule, showing that the identical account mentioned in the petition had been presented by the petitioner to its predecessor on August 16, 1886, when it was examined and disallowed, as appeared upon the records of said board.   And it was upon this ground that further action was refused.

Mandamus against a public officer is a proper proceeding,

where a party has a legal right to the claim which he makes, and there is no other specific or sufficient remedy, or where it is the duty of the officer to comply with the demand made, with no adequate remedy upon refusal. *State ex rel. Conant* v. *Fuller*, 18 *S. C.*, 250. Now, the first question is, did the petitioner have a legal right to demand that his account should be considered by the board and its merits passed upon a second time, after its refusal upon a former examination ? The petition for the writ does not appear in the "Case," and we do not know upon what ground the petitioner asked a second consideration of his account by the commissioners. As far as appears in the "Case," there was no new ground ; the account was identical at the second presentation with the first. If there was any defect or omission in the first which defeated it, and that had been supplied in such way as to have authorized, and perhaps required, a second examination, and this had been stated in the petition, then the claim would have a better foundation ; but no such facts appear. In fact, nothing appears, except that the account, after having been once examined and disallowed by the proper tribunal in such cases, was again presented some twelve months afterwards to the same tribunal (true, composed of different men, but the same official body) for a second examination, with no reason given, no new facts stated, nothing, except that the petitioner desired his account to be examined and passed upon.

We do not think that the petitioner had a clear legal right to have the second examination which he sought, such as is contemplated in the law, for the foundation of the extraordinary proceeding by mandamus. It appears from the return that while the commissioners did not go into the merits of the claim, they did examine it so far as to ascertain the fact that the identical account had been examined upon its merits by the board at a former meeting and had been disallowed, from which action there had been no appeal, and upon that ground they dismissed the petition, refusing to consider it upon its merits. If the board was bound to consider it a second time, with no new facts alleged, no after discovered testimony, on the ground of a legal right in the petitioner to have it thus reconsidered, we can see no reason why it should not be considered successively after each disallow-

ance, and indefinitely. If these reconsiderations and examinations are limited in number only by the will of the petitioner, there would be no end to litigation. We do not think that the petitioner has brought himself under the principles which authorize the writ which he seeks.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.