### HULL v. YOUNG.

1. A complaint for foreclosure in no way connected one of the defendants with the mortgaged premises or the debt secured, but in this defendant's answer she alleged that she was now the owner of the mortgaged land. After reference to the master and his report, this defendant, at the trial on Circuit, interposed orally a demurrer, that as to her the complaint did not state facts sufficient to constitute a cause of action. *Held*, that the demurrer should have been sustained, and that this objection to the complaint was not cured by the allegations of the answer, nor was it taken too late.

2. But as in the order overruling the demurrer plaintiff was properly permitted to amend his complaint by making an allegation of this defendant's purchase and possession, the Circuit Judge's error as to the demurrer did not practically affect the result, and therefore his order should not be reversed.

3. Three tracts of land included in one mortgage were sold by the sheriff under junior executions on the same day, and were purchased by A, B, and C respectively. Afterwards A purchased the mortgage and brought action of foreclosure against B. *Held*, that the mortgage was extinguished only to the extent of the proportion in value that the

land purchased by A bore to the three tracts, and that B's tract was still liable for the debt in a like relative proportion.

4. Bnt B could not be held liable for any deficiency remaining after the sale of the tract of land purchased by her.

5. In action for the foreclosure of a mortgage, no personal judgment for the debt or any part thereof can be rendered against the mortgagor on his bond until after sale, and then only for the deficiency reported to be unpaid.

Before NORTON, J., Abbeville, February, 1888.

This was an action by Geo. R. Sibley, Asbury Hull, and P. B. Tobin, partners as Geo. R. Sibley & Co., and continued by the two last named as survivors, against S. O. Young and Rebecca J. Young, commenced January 11, 1887. The complaint was as follows:

The plaintiffs above named, by Perrin & Cothran, their attorneys, complaining of the defendants, allege:

I. That they, Geo. R. Sibley, Asbury Hull, and P. Brooks Tobin, are partners under the firm name of Geo. R. Sibley & Co.

II. That on the 20th day of October, 1885, the defendant, S. O. Young, made and delivered his certain promissory note in writing, and thereby promised to pay one day after the date thereof, Benet & Smith and S. C. Cason, or order, the sum of three hundred dollars for value received. Copy annexed hereto as follows:

$300.   One day after date I promise to pay Benet & Smith and S. C. Cason, or order, the sum of three hundred dollars for value received, this 20th October, 1885.   SAMUEL O. YOUNG.
        W. C. DuPRE.
Endorsed: BENET & SMITH, S. C. CASON.

III. That the defendant, S. O. Young, on the 30th day of October, 1885, to secure the payment of said note, executed and delivered to Benet & Smith and S. C. Cason his deed, and thereby conveyed by way of mortgage to Benet & Smith and S. C. Cason, their heirs and assigns, the following lands and tenements, situated in said State and county: one hundred and one acres, more or less, bounded by lands of W. K. Bradley and others, known as the Findley place.

IV. That the condition of the said mortgage was such that if the said S. O. Young shall well and truly pay or cause to be paid unto the said Benet & Smith and S. C. Cason the said debt or sum of money aforesaid, with interest thereon if any shall be due, then this deed of bargain and sale shall cease, determine, and be utterly null and void, otherwise to remain in full force and effect.

V. That on the 5th day of November the said mortgage was delivered to the clerk of the court and register of mesne conveyance, to be by him recorded, and was so recorded on the same day in book A, page 394.

VI. That the plaintiffs are the legal owners and holders of the said note and mortgage.

VII. That the condition of said mortgage has been broken, and there is due and unpaid thereupon the sum of three hundred dollars, with interest at 7 per cent. per annum from October 20, 1885.

Wherefore the plaintiffs demand judgment of the court that the said mortgage may be foreclosed, the equity of redemption barred, the premises ordered to be sold, and the proceeds applied to the payment of said debt, and judgment awarded for the balance against the defendant, S. O. Young, and for such other and further relief as to the court may seem legal and just.

All other matters are fully stated in the opinion of this court.

*Messrs. Benet & Cason*, for appellants.

*Messrs. Perrin & Cothran*, contra.

June 26, 1888.  The opinion of the court was delivered by

Mr. JUSTICE McIVER.  This action was brought for the foreclosure of a mortgage of real estate.  The complaint (a copy of which should be embraced in the report of this case) was in the usual form, and concluded with a prayer for judgment of foreclosure and sale of the land described in the complaint as embraced in the mortgage, and a judgment for any balance of the mortgage debt left unpaid by such sale against the defendant, S. O. Young.  That defendant put in his answer, admitting the execution of the note and mortgage, but alleging that the mortgage covered three tracts of land, to wit: the Jay place, the Leard place, and the Findley place (the last named being the only tract mentioned in the complaint as embraced in the mortgage); and that the plaintiffs having purchased the Jay place under a judgment junior to the mortgage, the mortgage debt was thereby extinguished.

The other defendant, Rebecca J. Young, also answered, admitting the execution of the note and mortgage, but alleging the same facts as those set up by her co-defendant, and making the

same claim that the mortgage debt was thereby extinguished. She also set up a second defence in these words: "That if the land described in the complaint, and which is now owned by defendant, is liable at all, it must be for only such proportion of the mortgage debt as the value of this tract bears to the value of the other two tracts covered by the same mortgage, the tracts having been sold on the same day and in the same name as that purchased by the plaintiffs."

The issues in the action were referred to the master to hear and determine the same, who made his report, stating the facts found substantially as follows: that the mortgage did cover the three tracts of land mentioned, to wit, the Jay place, the Leard place, and the Findley place; that on sale day in December, 1885, these three tracts of land were sold by the sheriff under executions junior to the mortgage, and at this sale the Jay place was bought by the plaintiffs, the Leard place by W. H. Parker, Esq., as agent for sundry creditors, and the Findley place by Mrs. Young, the defendant, and subsequent to these sales the plaintiffs became the owners of the mortgage by assignment from the original mortgagees.   And he found that the Jay place and the Findley place are liable respectively for such proportions of the mortgage debt as their respective values bear to the aggregate value of the mortgaged property, and that so much of the mortgage debt as the Jay place is liable for is extinguished by the purchase of that place by the plaintiffs, and that the amount for which the Findley place is liable is eighty dollars.   To this report both parties seem to have excepted upon the several grounds set out in the "Case."

When the case was called for hearing in the Circuit Court, upon the reading of the complaint the defendant, Rebecca J. Young, demurred orally thereto, upon the ground that it did not state facts sufficient to constitute a cause of action as to her.   The Circuit Judge overruled the demurrer, but at the same time granted an order that the plaintiffs be allowed to amend their complaint immediately by inserting therein the following allegations: "That the defendant, Rebecca J. Young, purchased the mortgaged premises herein described, on sales day of December, 1885, received titles therefor, and is now in possession thereof,"

and that the hearing of the case proceed. He therefore proceeded to render his decree, "That the plaintiffs are entitled to judgment of foreclosure against the defendant, Rebecca J. Young, for the sum of eighty dollars," and after ordering the mortgaged premises sold in the usual form, the decree proceeds as follows: "That if the proceeds of such sale be insufficient to pay the amount so reported due to the plaintiffs, with interest and costs aforesaid, the said master to specify the amount of such deficiency in his report of sale, and that the defendants, Rebecca J. Young and Samuel O. Young, pay the same to the plaintiffs, with interest from date of such report, and that plaintiffs have leave to enter execution therefor, * * and that the plaintiffs have judgment against the defendant, S. O. Young, for the sum of two hundred and thirteen dollars and nineteen cents, with interest from the date of this judgment, and costs."

From this judgment defendants appeal upon the following grounds substantially: 1st. Because of error in not sustaining the oral demurrer of Mrs. Young. 2nd. Because of error in allowing plaintiffs to amend their complaint. 3rd. Because of error in granting a judgment of foreclosure against Mrs. Young, the plaintiffs having become the purchasers of enough of the mortgaged property to more than pay the mortgage debt before they became assignees of the mortgage. 4th. Because of error in rendering judgment against Mrs. Young for any deficiency. 5th. Because of error in rendering judgment against S. O. Young in the sum of $213.19, or in any other sum.

First, as to the demurrer. It seems to us clear that the demurrer should have been sustained. There is not a single allegation in the complaint, as originally presented, which serves to connect Mrs. Young with the mortgage debt, which constitutes the foundation of the action. In fact, except in the title, her name is nowhere mentioned, and we do not see how the complaint could be regarded as stating any cause of action against her.

It is insisted, however, by counsel for respondents, that after the issues in the action had been referred to the master for trial, and after his report thereon, to which exceptions had been filed, it was too late, at the hearing before the Circuit Court, to present this demurrer, or at least when presented, it must be heard

and determined upon all the papers then before the Circuit Judge for his consideration, and that any defects in the complaint, were supplied by the allegations in this defendant's answer. We cannot accept this view. A demurrer of this class may be presented at any time, and the code (section 169) expressly excepts a demurrer of this class from the waiver arising from a failure to take such objection, "either by demurrer or answer." This seems to follow necessarily from the very nature of such a demurrer; for, if the complaint does not state facts sufficient to constitute a cause of action, there is no basis for the judgment demanded, and hence the court should not undertake to render judgment until such defect has been supplied by amendment. This view is supported by *Kennerty* v. *Etiwan Phosphate Company*, 17 S. C., 411, and the cases therein cited. The case of *Cartee* v. *Spence* (24 S. C., 550) is not in conflict with this view, for there it was held that such a demurrer came too late after the issues in the action had been referred to the master, but the ground of that decision was that one Circuit Judge could not, in disregard of an order passed by his predecessor referring all the issues in the action to the master for trial, undertake to try one of such issues "*in advance of his report and exceptions thereto,*" as the practical effect would be to allow one Circuit Judge to overrule another. So that it is plain that the question now presented was not involved in that case.

But although the Circuit Judge erred in overruling the demurrer, yet as he, in the same order, granted the plaintiffs leave to amend their complaint by supplying the defect which rendered it amenable to the demurrer, it seems to us that the practical result was to sustain the demurrer, with leave to amend.

This brings us to the question raised by the second ground of appeal, as to the propriety of allowing the amendment. It seems to us that under the liberal provisions of the code there was no error in allowing the amendment. Indeed, the Code, in section 193, expressly requires that "after the decision of a demurrer, the court shall, unless it appear that the demurrer was interposed in bad faith, or for the purpose of delay, allow the party to plead over upon such terms as may be just." Accordingly it has been held in numerous cases that the question of amendment is one

largely addressed to the discretion of the Circuit Court, with which this court rarely interferes. While, therefore, theoretically there was error in overruling the demurrer, yet as the practical result was the same as if the demurrer had been sustained. with leave to amend, we do not think such merely theoretical error affords sufficient ground to reverse the judgment below.

The third ground of appeal, it seems to us, is disposed of by the decision in the case of *Trimmier* v. *Vise*, 17 S. C., 499. The rule as there laid down is, that while the purchase of the entire mortgaged premises by the mortgagee, at a sale other than for foreclosure, will extinguish the mortgage debt, yet such a purchase of a part only of the mortgaged premises operates as an extinguishment *pro tanto* only, and the balance of the mortgage debt may be enforced against the remainder of the mortgaged premises. As we understand it, this is the rule which the Circuit Judge applied in this case, and so understanding it we affirm this portion of his judgment. He held, as we think properly, that the tract of land, the Findley place, purchased by Mrs. Young, the defendant, was liable to pay such a proportion of the mortgage debt as the value of that place bore to the value of the entire mortgaged premises.

The fourth ground of appeal is, we think, well taken. We do not see how, in any view of the case, any judgment can be rendered against Mrs. Young for any deficiency. She was not originally in any way liable for the debt, and the mere fact that she has purchased a portion of the property mortgaged to secure the payment of such debt, cannot have the effect of making her personally liable to pay the same, and without such personal liability it is plain that no judgment for any deficiency, arising from the insufficiency of the proceeds of the sale of the mortgaged premises to pay the mortgage debt, can be rendered against her. The judgment of foreclosure is not set out in full in the "Case," and we have copied above so much of it as the parties deemed necessary for a proper understanding of the questions involved. From the language used in that extract from the judgment, it would seem that Mrs. Young, as well as S. O. Young, is adjudged liable to pay any deficiency which may arise from the insufficiency of the proceeds of the sale of the mortgaged premises to pay

the mortgage debt; and if this be the effect of the judgment, then it is clearly erroneous, for, as we have seen, Mrs. Young can in no event be made liable for any deficiency, and no personal judgment can be rendered against her. The land which she bought at sheriff's sale can only be made liable for its proportion of the mortgage debt, under the rule laid down in *Trimmier* v. *Vise, supra,* and that is the extent of the judgment which should be rendered as to her.

The only remaining question is that presented by the fifth ground of appeal, and that is, whether there was error in rendering judgment against S. O. Young for any specific amount of money before there had been a sale of the mortgaged premises and an application of the proceeds of such sale to the mortgage debt. In an action like this, it seems to us that no personal judgment for any specific sum of money can be rendered, even against the mortgagor, until the mortgaged premises have been sold and the proceeds applied to the mortgage debt, for he can only be called upon in such an action to pay any deficiency in the proceeds of the sale of the property pledged by him for payment of the debt, and we do not see how such deficiency can be ascertained until the property has been sold and the proceeds applied, and hence we do not see how any judgment for any specific sum of money can be rendered until the amount of such deficiency has been thus ascertained. This view is supported by the case of *Warren* v. *Raymond,* 12 S. C., 9. We think, therefore, that it was error to render judgment to be enforced by execution against S. O. Young for any specific sum of money before the mortgaged premises were sold and the proceeds of such sale were found to be insufficient for the payment of the mortgage debt, when the plaintiffs would then be entitled to judgment for such deficiency, to be enforced against the mortgagor by execution.

Of course, the plaintiffs, if so disposed, might have brought an ordinary action at law on the note, in which event they would have been entitled to recover judgment and issue execution for the whole amount due upon the note. But they had a choice of remedies, the ordinary action on the note and a proceeding to foreclose the mortgage, and having adopted the latter, they must be required to pursue the course appropriate to such a proceeding.

Whether the purchaser of the third tract of land embraced in the mortgage should not have been made a party, with a view to subject that tract to the payment of its *pro rata* of the mortgage debt, is a question not raised in this case, and has not therefore been considered.

The judgment of this court is, that the judgment of the Circuit Court be so modified as to conform to the views herein announced, and that the case be remanded to that court for such further proceedings as may be necessary to carry out such views.