### 11688

#### FOWLER v. GOLDSMITH

#### (126 S. E., 431)

CHATTEL MORTGAGES—MORTGAGEE'S PRIVATE SALE OF MORTGAGED PROPERTY, DELIVERED TO HIM ON MATURITY OF MORTGAGE, HELD TO DISCHARGE MORTGAGE.—Where mortgagor delivered mortgaged property to mortgagee on maturity of mortgage, and mortgagee sold property at private sale without mortgagor's written consent, instead of proceeding under Civ. Code, 1922, § 5628, there was a discharge of the mortgage, though amount received at the private sale was less than the amount of the mortgage note.

Before DENNIS, J., Greenville, April, 1924. Affirmed.

Action by J. W. Fowler, administrator of the Estate of J. R. Kellett, deceased, against T. M. Goldsmith. Judgment for defendant and plaintiff appeals.

*Mr. J. M. Richardson,* for appellant, cites: *Sale of mortgaged property:* Code 1922, Sec. 5628; 87 S. C., 535; 28 S. C., 258; 73 S. C., 403; 108 S. C., 431; 31 S. C., 166. *Title retention contract regarded as a chattel mortgage:* 112 S. C., 243.

*Messrs. Dean, Cothran & Wyche,* for respondent, cite: *Rights of parties after the mortgagee has converted property*

*to his own use:*    108 S. C., 431; 31 S. C., 161; 28 S. C., 255.

February 12, 1925.

The opinion of the Court was delivered by Mr. JUSTICE WATTS.

This case was commenced on January 30, 1923, by the service of a summons and complaint. Subsequent thereto and before trial the plaintiff, J. R. Kellett, died, and his administrator, J. W. Fowler, was substituted as plaintiff in the case by an order of the Court. The case came on for trial at the April term, 1924, Court of Common Pleas before his Honor, Judge E. C. Dennis, and a jury. The presiding Judge directed a verdict for the defendant and within due time notice of intention to appeal to the Supreme Court was served on the attorneys for the defendant.

The suit was for a balance alleged to be due upon a note and mortgage which reads as follows:

"$650.00.    Fountain Inn, S. C., Nov. 28, 1919.

"On the first day of November, 1920, I promise to pay to J. R. Kellett, or order, six hundred and fifty dollars at any bank in South Carolina, at 8 per cent. per annum, as purchase money for one gray mare mule, four years old, one gray mare mule, four years old, one top buggy, one two-horse wagon one white and red spotted cow about five years old, which property is sold and delivered to me with the conditions fixed with the sale that the title thereto is to remain in the payee for such property until said purchase price therefor shall have been paid in full, and, upon default in paying said sum, or any alienation of the property by me at any time, they or their assigns are authorized to take possession of the property; the same being, while in my possession, at my risk in the event of loss or destruction of the same.

"Witness my hand and seal.

"T. M. Goldsmith,
"Charlie Jackson."

The instrument above set forth was executed as part of the purchase price of two mules and, in addition thereto, plaintiff's intestate, J. R. Kellett, was given two mules at that time owned by Charlie Jackson. When the note and mortgage became due, the property described in the mortgage was delivered to Mr. Kellett, plaintiff's intestate, under the terms thereof. So Kellett then had the two mules originally given him as boot, the two mules he sold Charlie Jackson, making four mules, and, in addition thereto, he received one top buggy, one two-horse wagon, and one white and red spotted cow about five years old. Respondent contends that all this property was at least sufficient property to satisfy the note in full. Instead of proceeding according to Section 5628, Vol. 3, Civil Code 1922, Mr. Kellett converted this property to his own use. His administrator claims that it was sold at private sale for $470 and that this price was a fair and reasonable price. It is admitted by appellant that the property described in the mortgage was not advertised and sold in accordance with the statute above referred to, but was disposed of privately by Mr. Kellett.

At the conclusion of the testimony the Court directed a verdict for the defendant and used the following language:

"Mr. Foreman and Gentlemen of the Jury, I am going to direct a verdict in this case, so that you won't have to consider the evidence; it appearing from the testimony that the property was not sold as required by law, and also the plaintiff offered testimony that this defendant verbally agreed to some other method of sale. I rule that under the law only a written consent could be proved, and, it appearing that the mortgagor had not, nor had the defendant in this case, made a written agreement for the sale, other than required by law, that there has to be a waiver. In other words I rule out the parol testimony to show an agreement on part of this defendant or the mortgagor as to any other

method or sale. Now, it appearing that there has been no written agreement that the property should be sold other than as required by law, I hold that this debt is extinguished and you are to write a verdict for the defendant."

Under the law as decided by this Court, his Honor decided correctly. It is said, in *Rentz v. Crosby,* 108 S. C., 431; 94 S. E., 1053:

"It is settled in this State, by dictum, if not by opinion, that, if a mortgagee shall convert to his own use all the property embraced in the mortgage, and the value of it shall exceed the debt, then the mortgagee must account to the mortgagor for such excess; that, if there be no excess, and even if there be an actual deficiency, the mortgagor may demand nothing more of the mortgagee. *Moody v. Haselden,* 1 S. C., 129. *Kendall v. County,* 28 S. C., 258; 5 S. E., 622. *Bank v. Holman,* 31 S. C., 161; 9 S. E., 824. *Green v. Scruggs,* 73 S. C., 406; 53 S. E., 612. It is not worth while to consider the rationale of the opinions; it is sufficient to rest upon the conclusions they announce."

Mr. Justice McIver in the case of *National Exchange Bank v. Holman,* 31 S. C., 161; 9 S. E., 824, states the law thus:

"Where a mortgagee of personal property takes possession thereof, and converts it to his own use, without a sale, or where a sale is made neither in accordance with the terms of the statute nor in accordance with the wishes and consent of the mortgagor expressed in writing, he thereby waives all claim for any deficiency, and can maintain no personal action against the mortgagor based upon the mortgage debt. This view is not only supported by authority (Jones, Chat. Mortg. § 711), but is founded in good reason. The power with which a mortgage creditor is invested to seize and sell the property of his debtor without the aid of judicial process, and before the validity and amount of his debt have been judicially ascertained, is a very high power,

and should be strictly guarded against abuse. Accordingly the Legislature has, very properly, by the Act of 1882 (18 St. 124, amending Section 2348,, Gen. St.), undertaken to declare how this high power shall be exercised, and I do not see by what authority this Court can undertake to dispense with any of the safeguards which the Legislature has seen fit to throw around persons exposed to the exercise of such power. True, it may be said that, after condition is broken, the mortgagee of personal property is the absolute owner of such property, and therefore, when he seizes and sells it, he is selling his own, and not the property of another. But, while it may be true that the mortgagee has the absolute legal title, yet it is well settled that he does not hold the property as his own, but subject to the mortgagor's right to redeem before sale, and even after sale, subject to the mortgagor's right to demand an accounting for the proceeds of sale, so that, in fact, the mortgagee is not the real owner of the property absolutely in such a sense as to enable him to use it as his own; and, if he undertakes to convert it to his own use, he is still liable to account to the mortgagor for any excess in its value over and above the mortgage debt, and, if such value is less than the mortgage debt, he forfeits or waives all claims against the mortgagor for any deficiency by reason of his illegal conduct in dealing with property intrusted to him for a specific purpose, and to be dealt with in the manner prescribed by law. So, if the mortgagee undertakes to sell in any other way than that prescribed, he thereby converts the property to his own use, and the same consequences follows."

Also in the case of *Darnall v. Darlington,* 28 S. C., 255; 5 S. E., 620, Mr. Justice McIver says:

"While it may be true that, where a mortgagee takes possession of the mortgaged property and converts it to his own use, without a sale, or where a sale is made neither in compliance with the terms of the statute nor in accordance

with the wishes and consent of the mortgagor, it operates a satisfaction of the mortgage debt; yet where, as in this case, the sale is made by the consent and at the instance of the mortgagor in a different way, no such result follows, for otherwise the mortgagor would be taking advantage of his own wrong."

Where the mortgagee converts the amount of the property under the mortgage without selling the property according to law, he can demand nothing more of the mortgagor.

It being admitted that the appellant did not have the written consent of Goldsmith, it follows that, as to Goldsmith, the debt is discharged.

All exceptions are overruled, and judgment affirmed.

MESSRS. JUSTICE FRASER and MARION concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE COTHRAN did not participate.