## *EX PARTE* ALEXANDER,

### *IN RE* ALEXANDER v. MESSERVEY.

1. ADVERTISEMENT OF JUDICIAL SALES.—Under action for foreclosure, the decree directed the master to sell the land "after duly advertising time, terms, and place of such sale in one of the newspapers published in said county, as required and provided by law." The master sold on salesday in December, after posting due notice of such sale on the court house door on the Monday which was three weeks before, and sending on the same day a copy to a weekly newspaper published every Wednesday in the county, and it was advertised by such paper in the three successive issues next preceding the day of sale. *Held*, that the advertisement of the sale was for a sufficient period of time before the sale. Gen. Stat., § 2424, construed.

2. SALES—IRREGULARITY.—If the sale had been advertised for less time than the law requires, it would have been an irregularity only, not affecting the rights of the purchaser; for in this regard, the law has now placed sales by order of court and sheriff's sales on the same footing.

3. A FINDING OF FACT by the Circuit Judge on an application to vacate a judicial sale, to the effect that plaintiff had not been surprised, sustained, such finding not being without testimony to support it, and there being conflict in the testimony and the sale having been ordered on plaintiff's application.

4. JUDICIAL SALES—INADEQUACY OF PRICE.—The court will not set aside a judicial sale for inadequacy of price, where the sale was fairly con-

ducted, and there was no fraud or concealment by the selling officer or the purchaser.

Before IZLAR, J., Colleton, February, 1891.

This was an application by John D. Alexander to set aside a judicial sale made in the case of John D. Alexander against P. H. Messervey. The opinion states the case.

*Messrs. H. E. Young* and *W. J. Fishburne*, for appellant.

*Messrs. Howell, Murphy & Farrow*, contra.

March 9, 1892. The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER. By virtue of a decree for the sale of the mortgaged premises, obtained in the principal cause, the same being a tract of land in the County of Colleton, this land was offered for sale by the master on the saleday in December, 1888, it being the 3rd day of that month, and bid off by one Benjamin Sauls for the sum of ten dollars, who, having complied with the terms of sale, received titles from the master. The master having made his report of the sale, the appellant filed exceptions thereto, and also his petition, praying that the said sale be declared null and void, and that the deed executed by the master to the purchaser Sauls be delivered up to be cancelled; that said Sauls be enjoined from entering upon and using said land, and for such other relief as may be appropriate. A copy of this order was, by the order of Judge Wallace, served upon the said Sauls, with leave to answer the same within twenty days, and in due time Sauls filed his answer, contesting the material allegations contained in the petition. The case was then referred to C. G. Henderson, master, to take the testimony and report the same to the court. The testimony having been taken and reported to the court, and an order having been granted, substituting the name of J. C. DeTreville, as executor of the will of the said Benjamin Sauls, who had in the meantime died, leaving his last will and testament, appointing the said J. C. DeTreville executor of the same, the case was heard by his honor, Judge Izlar, who, saying that "in my opinion the proofs show that there was

no surprise on the part of the petitioner, and that the advertisement was a substantial compliance with the law on the subject," rendered judgment dismissing the petition, overruling the exceptions to the master's report of the sale, and confirming said report.

From this judgment the petitioner appeals upon the several grounds set out in the record. These grounds substantially impute the following errors to the Circuit Judge in rendering his judgment: 1st. That he erred in holding that the land was advertised in substantial compliance with the law, whereas he should have held that the advertisement, not having been published for the full period of twenty one days, the sale was null and void, because made without legal authority. 2nd. That there was error in holding that there was no surprise on the part of the petitioner, the testimony showing the contrary, whereas he should have held that on account of the surprise and misapprehension on the part of the petitioner, as well as on account of the wholly inadequate price at which the property was bid off, the sale should be set aside.

Under the view which we take of this case, it will not be necessary to consider the question raised in the argument here, whether in a case like this, where the title has been executed, the petitioner could obtain the relief which he seeks by this mode of proceeding, because we think that the petitioner has failed to show that he is entitled to relief by any mode of proceeding. His claim is based upon two grounds: 1st. That the sale was illegal and unauthorized, because made without giving the notice required by law. 2nd. That the sale thus made without due notice was a surprise to him, and he was therefore prevented from bidding to the full amount of his debt, as he intended to do, an amount very much larger than that for which the property was bid off by the alleged purchaser.

As to the first ground, the facts are as follows: The order obtained in the original proceedings for foreclosure, directed that the mortgaged premises "be sold by Benjamin Stokes, master for said county, at Walterboro, in said county, at public auction, after duly advertising the time, terms, and place of such sale in one of the newspapers published in said

county, as required and provided by law;" and the notice was given "by posting a notice on the court house door on the 12th day of November, 1888, and filing a copy of the same on the same day with the proprietor of 'The Colleton Press,' for publication," that the sale would be made on the saleday in December (the 3rd), 1888. This notice was published in three issues of the Colleton Press, a weekly newspaper published in the County of Colleton, to wit, those of the 14th, 21st, and 28th of November, 1888. So that while the notice on the court house door was published for the full period of twenty-one days, the notice in the newspaper was published only twenty days before the sale. The question therefore is, whether the notice thus published was given for the length of time required by law, or if not, whether the sale is thereby vitiated.

While for many years the time for which sheriffs were required to advertise sales made under execution was prescribed by statute, yet until latterly there was no such statutory provision in regard to sales made under the order of the court, and therefore the practice of the old Court of Equity was to prescribe, in the order of sale, the time for which it should be advertised. *Baily* v. *Baily*, 9 Rich. Eq., 392; *Bulow* v. *Witte*, 3 S. C., 326. As these cases show, while the law thus stood, it was held that where the officer directed to make the sale fails to comply with the terms of the order, from which alone he derives his authority to sell, in making the sale, such sale is without authority, and therefore void. To use the language of Dargan, Ch., in *Baily* v. *Baily*, *supra:* "But where the court has made an order of sale, of which a notice is to be given by advertisement for a given time, such direction, as well as the other terms, become the law of the case. It becomes the condition on which the authority is to be exercised, the non-performance of which will destroy the power." Hence it was held in that case, where the order of sale required that the sale should be advertised for twenty-one days, and the advertisement was for only twenty days, that the sale was invalid because made without authority.

Now, however, we have statutory regulations in regard to such sales, which may be found in section 307 of the Code, and in sections 1987, 1988, and 2424 of the General Statutes. The

provisions of these sections, so far as they relate to the question under consideration, are as follows: Section 307 of the Code: "In those counties where the office of master exists, the master shall make all sales ordered by the court, in granting equitable relief, conformably to the practice of the Circuit Court, or to the practice of the Courts of Equity of this State before said courts were abolished." Section 1987 of the General Statutes, which seems to be a re-enactment of the provisions of the original act of 1797 and of the act of 1839, as to the time for which sheriffs were required to advertise sales of real estate under execution, provides that the sheriff "shall, before he exposes any lands or tenements which he may be directed to sell by virtue of any execution or mortgage, publicly advertise the same three weeks immediately previous to the sale day or days on which he means to expose the same for sale." Section 1988 provides that the sheriff "shall publish the advertisement at three public places in the county, one whereof shall be at the court house door; provided that publication shall also be made in some gazette, as provided in the preceding section, before the day of sale, in every county where a newspaper may be printed." Section 2424 provides as follows: "That all notices for the sale of any real estate under execution or order of court shall be advertised for twenty-one days prior to such sale; that is to say, once a week for at least three weeks prior thereto."

It may admit of question whether the provisions of sections 1987 and 1988 have any application to a sale like this, made under the order of the court for the purpose of affording equitable relief, and are not confined to sales made by the sheriff under execution or under proceedings to foreclose a mortgage in the court of law, as provided for by the act of 1791; and it may also admit of question whether the provisions of section 307 of the Code apply to *the time* for which a sale is required to be advertised, and are not confined to the modes of making the sale. But without pursuing the inquiries thus suggested, and without intending to intimate any opinion in reference thereto, we will assume, for the purposes of this case, that the only statutory regulation which we have as to the time for advertising a sale of real estate under the order of the court is that contained in section

2424, as quoted above. In the first place, it will be observed that the language of that section does not necessarily require that the advertisement shall be published for the full period of twenty one days. Such undoubtedly would have been the proper construction if the section had stopped at the requirement for twenty-one days' publication, but it does not; it goes on, "that is to say, once a week for at least three weeks prior thereto." Now, these words were evidently added for the purpose either of explaining or qualifying the language immediately preceding. That language certainly needed no explanation, for it was already plain enough. These words must therefore have been added for the purpose of qualifying the preceding language. The legislature, seeing that the words used would absolutely require a publication of the notice for the full period of twenty-one days, and not intending that such should be the absolute requirement, added the other words for the purpose of qualifying their preceding language by saying that if the notice shall be published once a week for at least three weeks before the sale, that would be a sufficient compliance with the requirement intended to be made. This is the view which practically prevails, so far as our experience extends, that where a sale has been advertised in a newspaper once a week for the three weeks preceding the sale, the requirement of the statute has been met.[1] Under this view it is obvious that the sale now under consideration was legally advertised; for here it is conceded that the advertisement had appeared in the three issues of the newspaper for the three weeks immediately preceding the sale, viz., on the 14th, 21st, and 28th of November, followed by the sale on the 3rd of December. It will not do to say that the additional words upon which we have commented must be construed as meaning that the notice must be published for the full three weeks preceding the sale, for that is not the language used, and to give those words such a construction would render the additional words wholly useless, as they then would amount to nothing more than a repetition of the preceding requirement of a publication for twenty-one days.

There is another view equally fatal to the position contended for by appellant. The legislature, seeing that the time for adver-

[1] See *Meng* v. *Houser*, 13 Rich. Eq., 212.—REPORTER.

tising sales under execution had long since been prescribed by statute, and that there was no such provision in reference to sales made under an order of court, and desiring to place them in this respect upon the same footing as sales under execution, enacted the provision contained in section 2424, above quoted, in which it is impossible to discover any indication of an intention that such sales should be governed, so far as the time for advertising is concerned, by any other than the same principles which had long been settled as to sales under execution. Now, it is only necessary to refer to the case of *Maddox* v. *Sullivan*, 2 Rich. Eq., 7, and the cases there cited, to show that the failure of the sheriff to comply strictly with the statutory regulations prescribing the time and mode of advertising property offered for sale under execution is a mere irregularity and does not vitiate the sale. Upon this principle, the fact that the sale now under consideration was advertised for only nineteen or twenty days, and not for the full period of twenty-one days, was a mere irregularity which does not vitiate the sale.

There may have been some ground for the distinction between sales made under execution and sales made under an order of the court, in respect to the effect of a failure to comply with the requirement as to the length of time a sale should be advertised, when in the one case it was a general statutory requirement applying to all sales made under execution, and in the other it was a special requirement made by the court in a given case, as the condition upon which its officer was authorized to sell; but now, since both classes of sales have been placed upon the same footing in this respect, by the same statute and the same clause of the statute, we do not see how there can be any longer any ground for such a distinction. It would, to say the least of it, be anomalous to hold that when one officer—the sheriff—makes a sale under execution, and fails to comply with the requirement as to notice found in section 2424, such failure is a mere irregularity which will not vitiate the sale, and at the same time to hold that where another officer—the master—makes a sale under the order of the court, and fails to comply with the same requirement in the same section, his failure will not be a mere irregularity, but will render the sale absolutely null and

void. We do not think the statute should be so construed as to lead to such an inconsistency, but that it should be construed so as to make one consistent scheme regulating public sales; and such seems to have been the view indicated by Mr. Justice McGowan, in dealing with a somewhat similar question as to the publication of the statutory notice required in escheat proceedings. See *Eason* v. *Witcofsky*, 29 S. C., at page 245.

It seems to us, therefore, that the law respecting the length of notice required to be given of this sale was complied with; and if it had not been, it is a mere irregularity which cannot affect the validity of the sale.

The second question is one of fact, and, under the well settled rule, we cannot interfere with the finding below. There certainly was testimony tending to show that the attorney of the appellant had express notice of the time of the sale, and although this was denied by the attorney in his testimony, yet at most there was a conflict of testimony, which may be easily reconciled without the slightest imputation upon the credibility of any of the witnesses; yet where there is a conflict of testimony this court rarely, if ever, interferes with the finding below. In addition to this it must be remembered that the party claiming to be surprised was the plaintiff in the action for foreclosure, and it was his duty to look after the sale for which he had obtained an order.

If, then, there was no surprise, the fact that the land brought at the sale a very inadequate price, affords no ground for relief; for it is well settled that that alone affords no ground for assailing the validity of a public sale. There is no allegation, and certainly no proof, that there was the slightest fraud or concealment on the part either of the master or the purchaser, but, on the contrary, the testimony shows that the sale was conducted fairly; and while we may regret that appellant has lost the opportunity of saving his debt by bidding at the sale, we cannot see that either the master or the purchaser contributed to such loss.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.