### LAMAR v. CROFT.

1. INJUNCTION.—AN APPEAL lies to this Court from interlocutory order granting temporary injunction.
2. IBID.—EQUITY—NEW COUNTIES.—Citizens and taxpayers of a county may maintain an action in equity to enjoin commissioners appointed by Governor to have preliminary surveys made for proposed new county from proceeding with that work.
3. NEW COUNTIES—GOVERNOR.—Whether a proposed new county embraces the same territory as one voted on within four years, is exclusively for the Governor, and the courts cannot interfere with him in the exercise of his discretion.

*Riley* v. *Union Station Co.,* 67 S. C., 93, and *Cudd* v. *Calvert,* 54 S. C., 457, *distinguished from this.*

Before ALDRICH, J., Aiken, July, 1905.    Reversed.

Action by B. D. Lamar, H. M. Dibble, W. E. Mealing, B. F. Holley, J. H. Getzen, R. S. Anderson and A. L. Barker against T. G. Croft, Jr., H. M. Cassels, Luther W. Reese and R. A. Cochran, commissioners. From order granting temporary injunction, Cassels and Reese appeal.

*Mr. George T. Jackson,* for appellant, cites: *Plaintiffs have not sufficient interest to maintain suit:* 15 Ency. P. & P., 472 (b), 473, note; 102 Ill., 60. *County only proper plaintiff:* Con. 1895, art. VII., sec. 9; Code of Proc., p. 85, 5

Ency. P. & P., 300; 11 Cyc. XI., A., p. 607, 608; 9 S. C., 1; 35 S. C., 508; 5 Ency. P. & P., II., 2, p. 301; 72 Col., 520; 117 N. C., 211. *No cause of action stated:* High on Inj., 31, 32; 2 *Ibid.*, 1024, 1031; 7 Ency., 2 ed., 905; 117 N. C., 211; 54 S. C., 1; Black on Int. of L., 24; Cool. Con. Lim., 67; Story Con., sec. 434; 6 Ency., 2 ed., 1010; 103 Fed. R., 909; 177 U. S., 261; 7 Wall., 347; 30 Cola., 262; 19 Ill., 229.

*Messrs. Hendersons, Davis, Gunter & Gyles, Sawyer & Owens, T. R. Morgan* and *Rice & Johnson,* contra. *Messrs. Hendersons* cite. *Appeal is premature:* Code of Proc., sec. 11; 58 S. C., 21. *Plaintiffs have right to maintain the action:* High on Inj., sec. 795; 1 Pom. Eq. Jur., 227; Cool. on Tax., 764; 2 Dill on Mun. Corp., sec. 736; 33 S. C., 1; 38 S. C., 238; 39 S. C., 298; 44 S. C., 276; 54 S. C., 1. *There is equity in the complaint and plaintiffs have no adequate remedy at law:* 6 Hump., 428; High on Inj., secs. 796, 802; 11 Ency., 2 ed., 200. *Temporary injunction proper:* 65 S. C., 86; 1 Pom. Eq. Jur., secs. 245, 260; Cool. on Tax., 765; 67 S. C., 83; 54 S. C., 457; 69 S. C., 158; 62 S. C., 220; Code 1902, 573. *As to construction of sec. 2, of art. VII., Con.:* 1 Story on Con., secs. 400, 402, 403; 25 S. C., 264; 42 S. C., 250.

March 6, 1906. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an appeal from an interlocutory order of injunction. The complaint alleges that during the year 1903, the Governor, upon petition filed in his office, ordered an election to be held in portions of the counties of Aiken, Edgefield and Barnwell for the formation of a proposed new county, which was denominated to be the county of Hammond. That said election was held on the 15th of December, 1903, and resulted in the defeat of the proposed new county. That in 1905, and within four years from the date of said election, the same promoters of the proposed

county of Hammond, filed in the office of the Governor, a petition for the formation of a new county from portions of Aiken and Edgefield counties, with the proposed name of Heyward. That the territory in the proposed counties of Hammond and Heyward is substantially and practically the same. That the Governor has appointed the defendants as commissioners who are about to engage upon the discharge of their duties in making contracts with surveyors, which will result in the unlawful expenditure of the funds of the counties.

His Honor, the Circuit Judge, issued a rule against the defendants to show cause why a temporary injunction should not be granted.

The defendants made return to the rule to show cause, based upon the pleadings and affidavits.

The defendants, Cassels and Reese, interposed a demurrer to the complaint on grounds that will be hereinafter stated. The Circuit Judge overruled the demurrer, and in his order thus states his reasons for granting the temporary injunction: "I have no hesitation in holding that the complaint states facts sufficient to constitute a cause of action, on the equity side of the Court. * * * The contention of the plaintiffs is, that the county now proposed to be formed by the name of Heyward is substantially, essentially and practically the same county as was the proposed county of Hammond, which was defeated by an election before the people in December, 1903, and that the effort on the part of the promoters of the said proposed county of Heyward, is inimical to the 2d section, of the VII. article, of the Constitution of South Carolina of 1895, which contains the express provision that 'an election upon the question of forming the proposed new county shall not be held oftener than once in four years.' The contention on the part of the defendants Cassels and Reese in their answer, is that the proposed county of Heyward is not the same as the formerly proposed county of Hammond.

"In the case of *Riley* v. *Union Station Co.*, 67 S. C., 93, 45 S. E., 149, our Supreme Court, following the case of *Cudd* v. *Calvert*, 54 S. C., 457, 32 S. E., 503, decides that where the action is brought solely for the purpose of obtaining an injunction, and where, if the facts alleged in the complaint are found to be true, the proper case for injunction would be presented, it would be error to dissolve a temporary injunction upon a mere motion heard upon affidavits, as that would deprive the plaintiff of his right to have the facts determined in the mode prescribed by law, instead of by affidavits—a most unsatisfactory mode of eliciting proof.

"The prayer in the complaint of these plaintiffs is simply for injunction, and the allegations of the complaint as sustained by the exhibits and affidavit connected therewith show that they are entitled to the relief which they ask, nor in my judgment does the denial in the answer and the affidavit presented with it, affect sufficiently the case made by the plaintiff to authorize me in denying the preservation by this Court of the *status quo* of this controversy until the matter can be finally determined by the Court in the proper way, as it may seem to the presiding Judge who shall finally hear the cause.

"If the defendants under the act of 1905—the constitutionality of which is not questioned—are proceeding to take steps looking towards the establishment of a new county, which in all essentials is the same new county in which an election was held not more than four years ago, then they are proceeding in an unconstitutional and unlawful manner, and they should be restrained by a court of equity."

When the case was called for hearing in this Court, the respondents raised the objection that the order was not appealable. Section 11 of the Code provides that "the Supreme Court shall have appellate jurisdiction for correction of errors of law in law cases, and shall review upon appeal an interlocutory order or decree in the Court of Common Pleas granting, or continuing, or modify-

ing, or refusing an injunction." The objection must, therefore, be overruled.

The first ground of demurrer was "that it appears upon the face of· the complaint that the plaintiffs have no legal capacity to bring this action, they having no sufficient interest in the cause, and the action, if maintanable at all, being only maintainable by the counties to be affected, to wit: the counties of Aiken and Edgefield, acting through their duly constituted and authorized officers and agents." The Circuit Judge properly overruled this ground of demurrer—citing *Mauldin* v. *Greenville,* 33 S. C., 1, 11 S. E., 434, and High on Injunctions, section 802; to which might be added *Butler* v. *Ellerbe,* 44 S. C., 276, 22 S. E., 425, and the authorities therein mentioned.

The second ground of demurrer was "that it appears upon the face of the complaint, that there is a non-joinder of parties plaintiff, for that even if the plaintiffs are proper parties, the action cannot be maintained by them alone, but the counties interested, to wit: Aiken and Edgefield, should be joined as parties plaintiff." Section 138 of the Code is as follows: "All persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs, except as otherwise provided in this title." This· section was construed in *McCorkle* v. *Williams,* 43 S. C., 66, 20 S. E., 744, wherein it was ruled that the action may be maintained without joining all parties having an interest. This ground of demurrer was likewise properly overruled.

The third, fourth and fifth grounds of demurrer were: "3. That the complaint does not state facts sufficient to constitute a cause of action. 4. That there is no equity in the complaint, and the plaintiffs are not entitled to the relief prayed, or to any equitable relief. 5. That it appears upon the face of the complaint that the plaintiffs have a complete and adequate remedy at law."

The Circuit Judge in his order states that the constitutionality of the act of 1905, p. 915, is not questioned.

If the question whether there has been a compliance with the requirements of the Constitution preparatory to the ordering of an election by the Governor, is to be determined by the Courts, then the complaint states facts sufficient to entitle the plaintiffs to equitable relief; while, on the other hand, if, under the provisions of the Constitution, such question is addressed to the discretion of the Governor, the Courts have not the power to interfere with the exercise of his discretion.

Section 1, article VII., of the Constitution, provides that "the General Assembly may establish new counties in the following manner: Whenever one-third of the qualified electors within the area of each section of an old county proposed to be cut off to form a new county, shall petition the Governor for the creation of a new county, setting forth the boundaries and showing compliance with the requirements of this article, the Governor shall order an election, within a reasonable time thereafter, by the qualified electors within the proposd area." One of the requirements of that article is that "an election upon the question of forming the same proposed new county, shall not be held oftener than once in four years." Our construction of section 1, article VII., of the Constitution, is that it imposes exclusively upon the Governor the duty of determining whether there has been a compliance with the requirements of the Constitution preparatory to the ordering of an election, and that the Courts have not the power to interfere with him in the exercise of his discretion. Therefore, the complaint presents no grounds for equitable relief.

This case differs from the cases of *Riley* v. *Union Station Co.,* 67 S. C., 93, 45 S. E., 149, and *Cudd* v. *Calvert,* 54 S. C., 457, 32 S. E., 503, cited by the Circuit Judge, in that the complaints in those cases set forth grounds entitling the plaintiff to equitable relief, while in this case there are no such grounds.

It was, therefore, error to grant the temporary order of injunction.

It is the judgment of this Court, that the order of the Circuit Court be reversed.