## 8955

### McLEAN v. CROUCH *ET AL.*

#### (82 S. E. 988.)

PLEADINGS. ANSWER AND REPLY. JUDICIAL SALES. REMAINDERS.

1. A reply by a codefendant to the answer of her codefendants, which stated no cause for relief as against her, was properly stricken out.

2. A reply to the answer of a codefendant is properly stricken out where it attempts to raise issues already adjudicated between the same parties in another action.

3. Inadequacy of consideration is not sufficient of itself to set aside a master's deed, based on a sale at public auction under Court order.

4. An objection that a judicial sale of real property had not been properly confirmed could only be made in the action or proceeding in which the sale was made, and not in a subsequent suit for partition.

5. CONSTRUCTION—ESTATES CREATED—REMAINDERS.—Certain land was conveyed to B. as trustee for the sale and separate use of C. during her life, and at her death to her issue then living; the issue of a deceased child taking among them the share to which their parent would have been entitled had he or she been then living. *Held,* that the children of C. were contingent remaindermen of the property, and as such during C.'s life were authorized to mortgage their interest, which could be sold under foreclosure proceedings prior to C.'s death.

Before SHIPP, J., Newberry, September, 1913. Affirmed.

Action for partition of real property, brought by Viola McLean against B. W. Crouch, Bettie Havird, B. B. Hair and the Bank of Prosperity.

From a decree confirming the report of the master, Bettie Havird appeals.

The report of the master was as follows:

"The above entitled matter was referred to me to take testimony and report on all issues of law and fact, with leave to report any special matter.

FOOTNOTE.—As to inadequacy of price as ground for setting aside a judicial sale, see note in A. & E. Ann. Cas. 1914d, 3. See note on inadequacy of consideration as ground for vacating sale of vested interest in remainder or reversion, in 32 Am. & Eng. Ann. Cases 1914b, 1042.

This is an action brought by the plaintiff, Viola McLean, to partition twenty-five acres of land lying in the town of Prosperity, formerly known as the village of Frog Level. This land was conveyed by James Gauntt on January 13, 1868, to William Bridges, Jr., as trustee in special trust for the sale and separate use of Clarissa Bridges, during her life and at her death to her issue then living, the issue of a deceased child taking amongst them the share to which their parent would have been entitled had he or she been then living.

Clarissa F. Bridges, the tenant, died on June 22d, 1912, leaving as her only issue living the plaintiff, Viola McLean, and the defendant, Bettie Havird. Prior to the death of Clarissa F. Bridges, the defendant, Bettie Havird, mortgaged her interest by various mortgages to different parties. One of these mortgages was foreclosed, making the other mortgagees parties in the case of *The Bank of Columbia, plaintiff*, v. *The Havird Company, et al.*, 99 S. C. 110, 82 S. E. 1006. Under this foreclosure proceeding the interest of Bettie Havird was sold at public auction by said master for Newberry county, on sales day in December, 1911, prior to the death of the life tenant, Clarissa F. Bridges.

At this foreclosure sale the interest of Bettie Havird was purchased by B. W. Crouch for three hundred dollars, he being the biggest bidder at that price, and he complied with the terms of sale by paying all cash and a deed was given him by me.

After the death of Clarissa F. Bridges this action was commenced by the plaintiff against the defendant, B. W. Crouch, and his codefendants for partition of the land, the plaintiff alleging the facts to show why all these parties were made defendants. The defendant, B. B. Hair, answered the complaint, alleging that he was the owner of and entitled to one acre of said land, which is described in his answer, on account of having a deed from Clarissa F. Bridges, Viola McLean and Bettie Havird. I will state

here that there was no testimony to contradict this claim of B. B. Hair, and he is entitled to this one acre, as described in his answer and the testimony herein.

The defendant, B. W. Crouch, answered, setting up his claim to a one-half undivided interest in the twenty-five acres. The defendant, the Bank of Prosperity, answered the complaint and set up two mortgages, and claimed that same should be paid out of the interest of Viola McLean in this action. The defendant, Bettie Havird, answered the complaint, alleging that her codefendant, B. W. Crouch, was not entitled to any interest in this property, but that she and her sister, Viola McLean, were the owners thereof in equal shares.

The first reference before me was held on the — day of July, 1913, at which time the attorney for the defendant, Bettie Havird, moved that the attorney for B. W. Crouch and Bank of Prosperity be required to serve him, as attorney for Bettie Havird, with both the answer of B. W. Crouch and that of the Bank of Prosperity. This order was granted and the said answer was required to be served on the attorney for Bettie Havird on or before the — day of July, 1913, and he was given from the 25th day of July, 1913, to answer same. The reference then adjourned until the 5th day of August, 1913.

After the reference was called on the 5th day of August, the attorney for the Bank of Prosperity moved to strike out the reply of Bettie Havird to its answer on the ground that no relief was claimed against Bettie Havird by the answer of the Bank of Prosperity, and on the further ground that so far as the mortgages of the Bank of Prosperity were concerned as against Bettie Havird, they had already been adjudicated in the foreclosure case of *The Bank of Columbia* v. *The Havird Company et al.,* 99 S. C. 110, 82 S. E. 1006. After argument I sustained this motion.

The attorney for Viola McLean then made a motion to be allowed to reply to the answer of the Bank of Prosperity, which motion I overruled on the ground that his time for replying was out and that his motion did not comply with the statute following answers after the time had expired. I then commenced the taking of the testimony.

Some of the testimony attacking the execution of the notes and mortgages of the Bank of Prosperity I overruled as incompetent, as no issue had been raised as to the proper execution of same. This testimony was taken down by me under the head of objected testimony, as required by the statute, and is herewith submitted along with the other testimony as a part of this report. After the reply of Bettie Havird to the answer of the Bank of Prosperity was overruled by me, and as there was no issue as to the validity of the notes and mortgages of the Bank of Prosperity as against Viola McLean, I find that the Bank of Prosperity is entitled to the relief asked in its answer, find that there is still due and owing on its notes and mortgages the sum of one hundred and thirty-one and 27-100 dollars, with interest from the 25th day of August, A. D. 1913, at the rate of eight per cent. per annum and thirteen and 12-100 dollars attorney's fees. I find that said mortgage should attach to the share of Viola McLean when the land is partitioned for the amount named.

The only other issue raised in the case was the issue between Bettie Havird and B. W. Crouch as to the validity of B. W. Crouch's deed and as to his interest in the property. The defendant, Bettie Havird, attacked B. W. Crouch's right as set up in the complaint and his answer, as I see it, on three grounds: First, because the deed to B. W. Crouch was without sufficient consideration; second, because the sale had never been confirmed by the Court; third because it purported to sell the interest of Bettie Havird before the death of the life tenant.

Considerable testimony was produced showing the value of a one-half interest in this tract of land. I find that

inadequate consideration is not sufficient to set aside a deed made at a public sale under an order of the Court.

The cases of *Ex parte Alexander,* 35 S. C. 416, 14 S. E. 454; *Ex parte Cooley,* 69 S. C. 154, 48 S. E. 92, and *Connor* v. *McCoy,* 83 S. C. 174, 65 S. E. 257, clearly show that inadequate consideration alone is not sufficient to set aside a deed based on a sale at public auction under an order of the Court. As the evidence did not show anything else except mere inadequacy of consideration, I find that said deed must stand.

As to the fact that this sale to B. W. Crouch has never been confirmed by order of the Court, this cannot avail the defendant, Bettie Havird, in this action. If she has any remedy, or if she can show why such sale should not be confirmed, she will have to set same up in the action of *The Bank of Columbia* v. *The Havird Company,* in which the said sale was made.

As to the contention of Bettie Havird that no sale of her interest could be made that would carry with it title, prior to the death of the life tenant, I find that the law does not support this contention. Under the construction I place upon the deed from James Gauntt to William Bridges, Jr., as trustee, under which all parties to this action are claiming, the plaintiff, Viola McLean, and defendant, Bettie Havird, had a contingent interest in said property; in other words, they were contingent remainder-men. Under the case of *Bank* v. *Garlington,* 54 S. C. 413, 32 S. E. 513, and the cases therein cited, and under the cases of *Beall Company* v. *Weston,* 83 S. C. 497, 65 S. E. 823, it is clear that a contingent remainderman can mortgage his interest and the same can be sold prior to the death of the life tenant.

I, therefore, find:

I. That the defendant, B. B. Hair, has title to the one acre described in his answer and the testimony, which was conveyed to him by Clarissa F. Bridges, Viola McLean and Bettie Havird by the deed introduced in evidence.

II. I find that there is a balance due on the notes and mortgages of the Bank of Prosperity one hundred thirty-one and 27-100 dollars, with interest from the 25th day of August, A. D. 1913, at the rate of eight per cent. per annum, and thirteen and 12-100 dollars attorney's fees, and that the said mortgage should attach to and be a lien on the interest of Viola McLean in the balance of twenty-five acres after cutting off the one acre owned by the said B. B. Hair.

III. That the said Viola McLean is the owner of and entitled to an undivided one-half interest in the said balance of twenty-five acres after cutting off the one of B. B. Hair; and that the said B. W. Crouch is the owner of and entitled to the other one-half undivided interest in the said twenty-five acres, and that the plaintiff is entitled to partition of said balance of twenty-five acres between herself and said B. W. Crouch.

All of which is respectfully submitted."

The exceptions to the decree were as follows:

I. Because his Honor, the presiding Judge, erred in confirming the master in striking out, on August 12th, 1913, the cross answer of the defendant, Bettie Havird, to the answer of the Bank of Prosperity, after the master had, on July 10th, 1913, ordered the Bank of Prosperity to serve its answer on its codefendant, Bettie Havird, and the said answer having been served on July 10th, 1913—the said master also ordering on July 10th, 1913, the said Bettie Havird, to put in her answer by July 25th, 1913, the same having been done by her, thus the said orders of said master being fully complied with, were thus determined, the error on the master's part being his attempt to reverse himself after his orders had been fully complied with, by both parties, and not applied from.

II. Because his Honor, the presiding Judge, erred in confirming the master's report, thereby sustaining the master in striking out the cross answer of Bettie Havird, to the

answer of the Bank of Prosperity, while the answer of the Bank of Prosperity was in effect a foreclosure suit on its two joint alleged notes and two mortgages securing same, claimed in said answer to have been signed, executed and delivered by the defendant, Bettie Havird; and her codefendant and joint maker, Viola McLean.

III. Because his Honor, the presiding Judge, erred in confirming the master's report, thereby sustaining the master in striking out the cross answer of Bettie Havird to the answer of the Bank of Prosperity, and at the same time refusing to allow the plaintiff, Viola McLean, to answer the foreclosure suit set up in the answer of the Bank of Prosperity, upon its two joint alleged notes and mortgages claimed by it, thus taking away the rights òf each and both joint makers of contesting said two joint notes and mortgages, the answer of one joint maker being in reality the answer of both.

IV. Because his Honor, the presiding Judge, erred in sustaining the master in his ruling in refusing to allow the answer of Better Havird to stand as her answer, as well as the answer of her codefendant, Viola McLean, while it was shown to said master by the testimony of the living witnesses, that the defense to said notes and mortgages would be very material and substantial in going to show the absolute failure of the proper and complete execution and delivery of any of said notes and mortgages, as set out in the answer of the Bank of Prosperity, on the part of these two parties, Bettie Havird, defendant, and Viola McLean, plaintiff, in that Bettie Havird had never actually signed either of said two notes, and that neither Bettie Havird nor Viola McLean had signed said mortgages before any witnesses whatever.

V. Because his Honor, the presiding Judge, erred in sustaining the master in striking out the cross answer of Bettie Havird on the ground, as said master decides that said claimed notes and mortgages set up in the answer of the.

Bank of Prosperity had already been adjudicated in another suit, to wit: *The Bank of Columbia* v. *The Havird Company, Bettie Havird et al.,* while the record, before the master in that suit, showed him postively that the foreclosure proceedings in that suit on the part of the Bank of Prosperity had never been served upon her, Bettie Havird; hence not legally adjudicated at all.

VI. Because his Honor, the presiding Judge, erred in sustaining the master in his holding and allowing that the Bank of Prosperity could introduce its two claimed notes and mortgages, without proof of same, while the evidence before the master already taken down by him, though objected to, yet uncontradicted, that Bettie Havird had clearly and undoubtedly never signed either of the notes, and neither mortgages before any witnesses whatever, if signed at all—the witnesses on the mortgage, testifying before the master, that these two parties, Bettie Havird and Viola McLean, had not signed in the presence of the witnesses, if at all.

VII. Because his Honor, the presiding Judge, erred in sustaining the master in his confirming or deciding as valid, complete and sufficient the deed of B. W. Crouch; whereas, the master erred in holding that said deed was valid:

1st. While the said deed had never been confirmed by the order of Court.

2d. While the deed of B. W. Crouch was without sufficient and grossly inadequate consideration, uncontradicted testimony being that the value of the interest of Bettie Havird in the premises purporting to be conveyed in the deed to B. W. Crouch were at least ten times as much as the said consideration in said deed.

3d. While the said master erred in confirming and holding as valid the said deed of B. W. Crouch, after it was shown to him that such interest of Bettie Havird was sold prior to the death and during life of the life tenant of the whole of said premises, and before Bettie Havird had any certain

or vested interest in said premises, her interest being shown to said master, as having been contingent upon Bettie Havird outliving the life tenant, and Viola McLean, too, thus being uncertain whether Bettie Havird would be vested with the whole of said premises or one-half, or really none at all.

4th. While the master erred in confirming the said deed of B. W. Crouch, while proven before said master, introduced on the party of B. W. Crouch, showed not only that said deed had never been confirmed by the Court, but that the whole proceedings under which said premises or interest of Bettie Havird had been sold were deficient and ineffective in several material and substantial points.

VIII. Because his Honor, the presiding Judge, erred in confirming the master's report, wherein said master decided as valid the said deed of B. W. Crouch, before Crouch had ever gone into possession or attempted to get into possession of said premises, before the sale of said premises had ever been reported to the Court, and before the deed was confirmed by the Court.

IX. Because his Honor, the presiding Judge, erred in sustaining the said master, in deciding there was any amount or balance due on said two notes and mortgages of the Bank of Prosperity, and that said mortgages were a lien upon the said premises, when there was no proof whatever introduced in support of same; whereas, said master should have decided that said bank had released Viola McLean on co-maker and joint maker, because not suing and thus releasing the other co-maker and joint maker from any liability as claimed upon said notes and mortgages.

X. Because his Honor, the presiding Judge, erred in ordering a sale of the premises in any shape whatever, and not in ordering the same partitioned.

*Mr. Lambert W. Jones,* for appellant, submits: *Defendant could attack mortgage introduced by plaintiff:* Code

Civil Proc. 203; 63 S. C. 406; *and under general denial attack title claimed by Viola McLean and B. W. Crouch:* 73 S. C. 103. *All parties being in a Court of equity, it should determine their rights:* 83 S. C. 176. *Answer of Bank of Prosperity in case of Bank of Columbia* v. *Havird Co. et al., never having been served on this defendant, her right to attack its mortgage was not concluded in that action:* 95 S. C. 343. *Judicial sale void for gross inadequacy of consideration:* 21 A. & E. Enc. of L. 1174; 83 S. C. 176, *distinguished. Sale should not be ordered where land can be partitioned:* Civil Code 1912, sec. 3525.

*Messrs. Hunt, Hunt & Hunter,* for respondents: *Exceptions to ruling not affecting appellant's rights will not be considered:* 42 S. C. 330. *Reply of Bettie Havird to answer properly stricken out as irrelevant:* 18 S. C. 479. *Issues attempted to be raised were res judicata:* 73 S. C. 29; 17 S. C. 40. *Title of purchaser at judicial sale cannot be attacked for mere inadequacy of bid:* 35 S. C. 416; 69 S. C. 154; 83 S. C. 174. *Sale of contingent interest under foreclosure of mortgage by remainderman:* 54 S. C. 413; 83 S. C. 479; 2 Story Eq. Juris., sec. 1021; 2 Hill Ch. 235; 12 Rich. Eq. 343; 24 S. C. 321; 26 S. C. 471. *Purchaser's title at a judicial sale, voidable only, not affected by subsequent reversal or vacation of judgment:* 19 S. C. 558.

September 29, 1914.

The opinion of the Court was delivered by Mr. Chief Justice Gary.

His Honor, the Circuit Judge, confirmed the report of the master for the reasons therein stated, which are satisfactory to this Court.

Judgment affirmed.

Messrs. Justices Hydrick, Fraser and Gage concur in the opinion of the Court.

Mr. Justice Watts dissents.