### 17199

Appeal of R. B. PASLAY. In Re FLORENCE TURNER, Collie Gray, Moses Gray, Habard Gray, and David Gray, Petitioners-Respondents, v. LILLIE BYARS, Willie Gray, Spencer Gray, Ollie Gray, Pleas Galloway, Eunice Williams, Individually and as representatives of all that class of heirs, known and unknown, of Lillie Gray Howard, deceased, including children of deceased brothers and sisters of Lillie Gray Howard, and all other heirs of Lillie Gray Howard, deceased, Defendants

(94 S. E. (2d) 57)

*Messrs. Paslay & Paslay,* of Spartanburg, *for Appellant,*

*Shannon Henson, Esq.,* of Spartanburg, *for Respondents.*

August 9, 1956.

STUKES, Chief Justice.

This is an action for partition in which a lot of land in Spartanburg was sold by the Master on salesday in Febru-

ary, 1956, in the usual and customary manner and pursuant to decree of the court. When the Master offered the property after regular advertisement and during the usual hours of sale, appellant bid $450.00. There was no other bid and the property was struck off to appellant who is described in respondents' brief as "a stranger to the original suit." During the afternon of the same day restraining order of the resident Circuit Judge was served upon appellant and upon the Master whereby the latter was restrained and enjoined from delivering deed of the property in accordance with the sale, and appellant was required to show cause on February 20, why the order should not be made permanent and the property again offered for sale by the Master.

The restraining order and rule to show cause were obtained upon verified petition of the respondents which set forth the facts stated above and that petitioners were prepared, through their attorney, to bid $1,000.00 or more for the property, which is its worth, and, quoting from the petition, the attorney "made every reasonable effort to attend the sale, but due to mechanical failure of his automobile at a distance from the place of sale, he was unable to arrive at the place of sale before 11:25 A. M. on the day of sale." It was further alleged in the petition that $450.00 is a grossly inadequate price for the property, which has a rental value of at least $30.00 per month, and consummation of the sale would result in irreparable loss to the owners of the property. Appellant and the Master made separate returns to the rule in which the regularity of the sale was set forth, and discharge of the rule and dissolution of the injunction were prayed.

Upon hearing the returns to the rule it was recited in the order of the court that the petitioners desired to submit testimony as to the value of the property upon the issue of the adequacy of the bid, and the matter was referred to the Master for the purpose of taking and reporting testimony as to the value of the property and the adequacy of the sale price.

The appeal is from the refusal of the court to adjudge the returns to the rule sufficient and dissolve the order enjoining the Master from making deed to the purchaser-appellant upon his compliance with the bid, and from the contrary order of reference.

The explanation of the failure of counsel to attend the sale, which is quoted above, is manifestly insufficient to set the sale aside. The function of judicial sales would be seriously impaired if persons claiming to have been intended bidders, or attorneys or other representatives of them, were heard to say that their means of transportation failed en route. Public interest and precedent dictate the fostering of the stability of judicial sales. *Wingard v. Hennessee,* 206 S. C. 159, 33 S. E. (2d) 390. Counsel did not pursue this point in his brief on appeal, and we need not labor it.

There is therefore left in the case only the attack upon the validity of the sale upon the ground of inadequacy of consideration—that the property is worth $1,000.00 or more, and the successful bid was $450-.00; and it is well settled that mere inadequacy of price (unless it shock the conscience of the court) will not vitiate a judicial sale, in the absence of other factors for which the selling officer or the successful bidder was at least in part responsible, or participated. It is not contended that any such factor is present in this case; and the disparity between the sales price and the value of the property, as alleged in the petition, does not shock the conscience of the court. Some of our prior decisions, which sustain our conclusion, will be reviewed.

The question in *Young v. Teague,* 1830, Bailey Eq., 13, was whether a partition sale should be set aside upon a showing that one of the heirs was prevented by mistake from entering a bid of $600.00 more than the successful bid of $1,008.00, for which the land was struck off to an outsider, who was the highest bidder. The mistake was that the contesting heir had requested her counsel to bid for her to the

amount of the appraised value of the land, which he said he would have done but thought that the last bid was by the heir's son. However, the heir was present and instructed her son to cease bidding. It was concluded that the heir and her son had simply, quoting, "neglected their own interests, and now wish the Court to do for them what they ought to have done for themselves." Contrary decree of Chancellor De Saussure was reversed.

The syllabus in *Coleman v. Bank of Hamburg*, 1848, 2 Strob. Eq. 285, is: "Where unfair means have not been employed to prevent competition at sheriff's sales, inadequacy of price, however great, is no ground for setting them aside." Land was sold under execution upon a bid of one dollar, subject to mortgage indebtedness of about $1,500.00 which was announced at the sale. In his circuit decree, Chancellor Dunkin said that he was well satisfied that the sale price of the equity of redemption was less than its value, but no witness attributed improper conduct at the sale to the purchaser, and inadequacy of price will not vitiate a sheriff's sale. One of the grounds of appeal was that the land, which was purchased for one dollar, subject to the mortgage, was proved to be worth five or six thousand dollars. The appeal was dismissed by opinion by Chancellor Dargan, in the course of which it was said: "It is settled that where unfair means have not been employed to prevent competition at sheriff's sales, inadequacy of price, however great, is no ground for setting them aside. Whether wise or not, this is the law of South Carolina."

Writing the opinion of the court upon appeal of *Ramsay v. Sims*, 1866, 12 Rich. Eq. 430, Chancellor Dunkin again said: "Mere inadequacy of price, however startling, in the absence of all fraud, will afford no ground to impeach his purchase (at sheriff's sale)." *Robinson v. Amateur Association*, 1880, 14 S. C. 148, involved a sale in foreclosure under power contained in the mortgage. The property was sold at public auction for $400.00 and the purchaser later offered the property at auction and obtained bid of $850.00. One of the

contentions of invalidity of the foreclosure sale was inadequacy of price, which was proved by the subsequent sale at more than double the price. The contention was overruled, and the court said: "When a public sale is open and fair, in all respects free from fraud, mere inadequacy of price is not sufficient to set aside a sale, unless the inadequacy is such as to furnish evidence of fraud upon the part of the mortgagee, which is not alleged here."

At a foreclosure sale of a tract of land in Colleton County, in *Ex parte Alexander,* 35 S. C. 409, 14 S. E. 854, 856, the property sold for ten dollars. The plaintiff in the foreclosure action vainly opposed confirmation of the sale by the Master, which was affirmed upon appeal in opinion by Chief Justice McIver. The plaintiff contended that the advertisement was insufficient (which was overruled) and he was thereby surprised and prevented from bidding the amount of the mortgage debt, as he intended; apparently he was not present at the sale. The opinion concluded as follows: "If, then, there is no surprise, the fact that the land brought at the sale a very inadequate price affords no ground for relief; for it is well settled that that alone affords no ground for assailing the validity of a public sale. There is no allegation, and certainly no proof, that there was the slightest fraud or concealment on the part either of the Master or the purchaser, but, on the contrary, the testimony shows that the sale was conducted fairly; and, while we may regret that appellant has lost the opportunity of saving his debt by bidding at the sale, we cannot see that either the Master or the purchaser contributed to such loss.

*Ex parte Cooley,* 69 S. C. 143, 48 S. E. 92, 95, was an action of foreclosure of mortgages of several tracts of land which were sold separately. The mortgagor and his brother bid in three of the tracts and failed to comply and upon resale they sold for much lesser amounts, whereby the sale yielded less than the first mortgage indebtedness. Relying on the bidding upon the other tracts, the first mortgagee permitted the junior mortgagee to bid in the remaining tract

at what was claimed to be less than half of its value. The circuit court set the sale aside upon a contended irregularity, but upon appeal the decree was reversed and the sale was confirmed. This court there said, omitting citations, "It is not sufficient ground for setting aside a judicial sale that one of the parties interested intended to bid higher, but neglected to do so, or was prevented by a mistake at the time of the sale, if neither the officer making the sale nor the purchaser contributed to the mistake, and the sale was fair and regularly conducted. * * * Where unfair means have not been employed to prevent competition at a judicial sale, mere inadequacy of price is no ground for setting it aside. * * * If the inadequacy of price is so gross as to shock the conscience, a court of equity would doubtless seize upon other circumstances impeaching the fairness of the transaction as a cause for vacating it. * * * But the circumstances impeaching the fairness of the transaction should relate to the conduct of the officer making the sale, as in *Farr v. Simms,* Rich. Eq. Cas. 122, or to the conduct of the purchaser participating in the attempt to stifle competition or affected with notice thereof * * *."

In *Farrow v. Farrow,* 88 S. C. 333, 70 S. E. 459, 461, the court equally divided so it is not a binding authority but it is cited because the facts are so similar to those here and because it accords in result with the rule of our other decisions. The sale was in the probate court in aid of assets and the widow of decedent, who was the administratrix, and her minor children contested confirmation of the sale of 76 acres of land (sixty under cultivation and buildings worth $1,-200.00) near Fountain Inn to the high bidder for $1,275.00. The widow intended to bid on the property, which she testified was worth much more, and attended the sale for the purpose; but she tired during prior sales and went to rest temporarily in the office of the probate judge. Her brother and son went for her when the sale of her property was imminent but when she reached the courthouse.steps it had just been concluded. The mortgagee had bid enough to cover

his mortgage, $1,250.00, which an outsider raised to $1,-275.00, and the land was knocked down to him. The probate judge found upon evidence that the price was grossly inadequate whereby he ordered it resold. Upon appeal the circuit judge reversed and his decree was affirmed upon equal division of this court, as stated. In opinion for affirmance, Mr. Justice Hydrick held that the conduct of the widow, her brother and son, was negligent and presented no ground for relief. Negligence of an intending bidder will not prevent confirmation of a judicial sale. We quote from the opinion:

"The policy of the law is to sustain judicial sales when fairly made. Under our decisions, when the auctioneer's hammer falls at such a sale, and the bid thereby accepted has been entered in the book, which the officer making the sale is required by law to keep, a valid contract is made. The purchaser thereby makes himself a party to the cause, and may, except when there is fraud, misrepresentation, mistake, or other circumstances of unfairness in the sale, or a defect in the title, be compelled by the order of the court to perform his contract. Justice to the bidder requires that, in the absence of any such circumstances, he should have the benefit of his contract. It should be mutual. Any other course would make the rights of the purchasers at such sales so uncertain that it would tend to discourage bidding at them—a result so much more injurious in its consequences that it overbalances the possible injury resulting in a few isolated cases by a firm adherence to settled principles."

*McLean v. Crouch,* 99 S. C. 118, 82 S. E. 988, involved the judicial sale of an undivided one half interest in twenty-five acres of land in the town of Prosperity, which was bid off for $300.00. The master's report, which was confirmed by the circuit court, contained the finding that inadequate consideration is not sufficient to set aside a public sale under order of the court. A ground of appeal was that the uncontradicted testimony was that the value of the property was at least ten times the bid price. The sale was upheld and the

judgment affirmed. Corporate stock was the subject of a receiver's sale at public auction under order of the Court in *Courtenay Mfg. Co. v. Issaqueena Mills,* 179 S. C. 480, 184 S. E. 849, 850; inadequacy of price was urged against confirmation of the sale, which however was confirmed, and this court said: "The authorities in this state are uniform in holding that inadequate consideration, standing alone, is not sufficient to set aside a deed made at a public sale under an order of the court." To the same effect is *Wooten v. Seanch,* 187 S. C. 219, 196 S. E. 877, which was a foreclosure sale of real estate at which the mortgagee was the high bidder. In *Howell v. Gibson,* 208 S. C. 19, 37 S. E. (2d) 271, the above quotation from the *Issaqueena case* was repeated and reaffirmed. Partition sale which was attacked upon the ground of inadequacy of sales price was upheld in *Brownlee v. Miller,* 208 S. C. 252, 37 S. E. (2d) 658, 662, and it was said: "And even a grossly inadequate bid standing alone is insufficient to set aside a judicial sale in this state, unless it is so gross as to shock the conscience of the court."

Foreclosure sale of an automobile was set aside in *Henry v. Blakely,* 216 S. C. 13, 56 S. E. (2d) 581, 583, where there was misunderstanding, between the selling officer and counsel for a prospective bidder, as to the place of sale, and inadequate price. The opinion contains the following: "As has been said time and again in cases involving the setting aside of judicial sales, it is the policy of the Courts to uphold such sales when regularly made, and when it can be done without violating principle or doing injustice; and that mere inadequacy of price, unaccompanied by other circumstances which would invoke the exercise of the Court's discretion is not sufficient, unless, perhaps, it is so great as to raise a presumption of fraud or to shock the conscience of the Court. * * * While as stated above, that the mere inadequacy of price is not sufficient ground for setting aside a judicial sale, yet, when such inadequacy of price is the result of the act of the officer selling the property, which act could not have been reasonably anticipated by the party for whose

benefit the property was being sold, then such party should have relief at the hands of the Court by setting aside the sale."

Several of our above decisions were cited by District Judge Wyche in his decree in *Raleigh & C. R. Co. v. Baltimore Nat. Bank,* D. C., 41 F. Supp. 599, 601, where Master's sale of the assets of an insolvent railroad company was confirmed at the bid price of $66,900.00. Contestants offered to raise the bid, $8,100.00 and $10,100.00, respectively, claiming insufficient time and opportunity to satisfy themselves before the sale of the soundness of the title to the property. There was, however, competition in the bidding. The following is from the decree:

"Concerning judicial sales it has been well-settled that: When a sale of property is decreed by a court of equity as result of litigation, it is the purpose of the law that it shall be final; to assure reliance upon such sales and induce biddings, no sale should be set aside for trifling reasons or on account of matters which ought to have been attended to by the complaining party prior thereto; * * *. If the inadequacy of price is so gross as to shock the conscience, a Court of Equity would doubtless seize upon other circumstances impeaching the fairness of the transaction as a cause for vacating it. [Citations.] But the circumstances impeaching the fairness of the transaction should relate to the conduct of the officer making the sale, or to the conduct of the purchaser participating, in the attempt to stifle competition, chill the bidding or to take any other undue or unfair advantage."

The respondents in the case *sub judice* moved in this court to dismiss the appeal upon the ground that the orders of the circuit court are not appealable.

Appeal lay from the restraining order or temporary injunction. Section 15-123(4) of the Code of 1952 authorizes appeal from, quoting, "An interlocutory order or decree in a court of common pleas granting, continuing, modifying or refusing an injunction * * *." *Williams & Co. v. Jones,* 62

S. C. 472, 40 S. E. 881; *Lamar v. Croft,* 73 S. C. 407, 53 S. E. 540; *Lyles v. Williams,* 96 S. C. 290, 80 S. E. 470, 474. Respondents cite *Garlington v. Copeland,* 1886, 25 S. C. 41; however, it antedates the enactment of the quoted provision of the code. See Act No. 358 of the Acts of 1901, 23 Stat. 623.

We have found that the restraining order or injunction was improvidently issued; there was no merit in the petition and the returns should have been adjudged sufficient and the petition dismissed. It follows that it was error to refer the matter to the Master.

The orders of the circuit court are reversed.

OXNER, LEGGE and Moss, JJ., concur.

TAYLOR, J., not participating.